*533
 
 LAND, Justice.
 

 Defendant is charged in an information with the embezzlement of bonds and certificates in the amount of $4,750, which defendant is alleged to have received from his principal, “in the capacity of servant, broker, agent, consignee, trustee, attorney, mandatory, depositary, and bailee.”
 

 After trial by a jury of twelve, defendant was found “guilty of violating section 1, Act No. 43 of 1912, prohibiting the operation
 
 of the confidence game, as charged in the
 
 indictment." (Italics ours.)
 

 After verdict and before sentence, defendant filed a motion in arrest of judgment, on the ground that the verdict is not responsive to the offense of embezzlement charged against him.
 

 This motion was overruled, and defendant was sentenced to one year’s imprisonment in the state penitentiary for the offense of operating a confidence game.
 

 As stated in the brief of counsel for defendant, the sole and only issue presented by this appeal is whether the verdict of guilty of operating a confidence game under section 1 of Act No. 43 of 1912 is responsive to the charge of embezzlement preferred against defendant.
 

 The state relies upon article 407 of the Louisiana Code of Criminal Procedure as authority for the contention that the verdict returned in this case is responsive to the offense charged.
 

 This article reads as follows: “Whenever larceny, embezzlement, obtaining by false pretenses or
 
 swindling is charged
 
 in an indictment, a verdict of guilty
 
 of any one
 
 of these offenses is responsive; provided, the verdict of guilty shall not be for a greater offense than is within the jurisdiction of the judge or jury.” (Italics ours.)
 

 The trial judge charged the jury that the law, article 407 of the Code of Criminal Procedure, provides that whenever the crime of embezzlement is charged, a verdict of guilty of larceny, “or of violation of the law prohibiting the operation of a confidence game” under section 1 of Act No. 43 of 1912, may be rendered by the jury. Tr., p. 16.
 

 In our opinion, article 407 of the Code of Criminal Procedure does not so provide, but specifically declares that a verdict of "swindling” may be returned as responsive to a charge of larceny, embezzlement, or obtaining goods or money by false pretenses.
 

 It is elementary that all crimes in this state are statutory. We have no statute here defining and denouncing the crime of “swindling.” Consequently, no such crime exists under our criminal laws; and, therefore, cannot be charged in an indictment; and, for the same reason, a verdict of guilty of “swindling” is not responsive to either a charge of embezzlement, larceny, or obtaining goods or money by false pretenses.
 

 Section 1 of Act No. 43 of 1912 reads in part as follows: “That every person who shall obtain or attempt to obtain from any other person, or persons any money or property, by means or by use of any false
 
 *535
 
 or bogus checks, or by any other means, instrument or device,
 
 commonly called the confidence
 
 game, shall be imprisoned with or without hard labor for not less than three months nor more than five years.” (Italics ours.)
 

 In section 2 of this act it is provided: “That in every affidavit, information or indictment under the preceding section it shall be deemed and held a sufficient description of the offense to charge that the accused did, on etc., unlawfully and feloniously obtain, or attempt to obtain (as the case may be), from A. B. (here insert the name of the person or persons defrauded or attempted to be defrauded and the manner in which he was defrauded, or the attempt to defraud was made), his money (or property,' in case it be not money), by means and use of the
 
 confidence game.”
 
 (Italics ours.)
 

 The title of Act No. 43 of 1912 reads as follows:
 

 “An Act To define and punish the crime of obtaining or attempting to obtain any money or property, by means or by use of any false or bogus checks or by any other means, instrument or device,
 
 commonly called the confidence game;
 
 and prescribing the manner in which said crime shall be charged in affidavits, informations or indictments.” (Italics ours.)
 

 It is true that a “confidence game” is a species of swindling operation. So are the offenses of fraudulent use of another’s name (Act No. 119, of 1888, § 1); purchase of goods with intent to defraud (Rev. St. § 82S); purchase of goods under an assumed or fictitious name (Act No. 166, of 1894, § 1; Act No. 94 of 1896, § 1; and' Act No. 114 of 1912, § 1); purchase of goods with intent to abscond (Act No. 166 of 1894, § 3; Act No. 94 of 1896, § 3; and' Act No. 114 of 1912, § 3); sale of substituted leather shoes without stamp (Act No. 179 of 1912, § 2).
 

 Surely a verdict of guilty of any and every crime or offense, amounting to a “swindle,” cannot be considered responsive under a charge of embezzlement, simply because article 407 of the Code of Criminal Procedure contains the generic term “swindling,” when no statute of this state defines or denounces such a crime.
 

 To hold otherwise would deprive an accused person of his fundamental right, under the Constitution of this state, to be informed of “the nature and cause of the accusation against him.” Const.1921, art. 1, § 10.
 

 It is therefore ordered that the motion in arrest of judgment be maintained, and that the conviction and sentence appealed from be annulled and reversed.
 

 O’NIELL, C. J., is of the opinion that the case should be remanded for further proceedings, but'concurs in the decree setting aside the verdict.